

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-17-00117-CR

_____

JOSE LUIS FERRER, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 76th District Court
Titus County, Texas
Trial Court No. 19,660

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Chief Justice Morriss

## MEMORANDUM OPINION

Pursuant to a plea agreement with the State, Jose Luis Ferrer pled guilty to harassment of a public servant[1] in exchange for the State's recommendation that he be sentenced to five years' incarceration, suspended in favor of a five-year term of community supervision. The trial court accepted Ferrer's plea and accepted the sentencing recommendation. Ferrer was sentenced to five years' incarceration, suspended in favor of five years' community supervision. Ferrer timely filed a notice of appeal. Because we find that we are without jurisdiction over this case as a result of Ferrer's plea agreement with the State, we will dismiss this appeal for want of jurisdiction.

The Texas Legislature has granted a very limited right of appeal in plea-agreement cases. Rule 25.2 of the Texas Rules of Appellate Procedure details that right as follows:

> In a plea bargain case—that is, a case in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant—a defendant may appeal only:
>
> > (A)     those matters that were raised by written motion filed and ruled on before trial, or
> >
> > (B)     after getting the trial court's permission to appeal.

TEX. R. APP. P. 25.2(a)(2). There is no indication in the record before this Court that Ferrer either (1) filed a motion that was ruled on before trial or (2) obtained the trial court's permission to appeal. Further, and notwithstanding the foregoing, it also appears from the record that Ferrer waived any right of appeal he might otherwise have had. Here, the trial court's certification of Ferrer's right of appeal indicates not only that this is a plea-bargain case in which Ferrer has no

---

[1]*See* TEX. PENAL CODE ANN. § 22.11 (West Supp. 2016).

right of appeal, but that Ferrer waived his right of appeal. Pursuant to Rule 25.2(d) of the Texas Rules of Appellate Procedure, this Court is required to dismiss an appeal if, as in this case, the trial court's certification indicates no right of appeal. *See* TEX. R. APP. P. 25.2(d).

On June 15, 2017, we informed Ferrer of the apparent defect in our jurisdiction over his appeal and afforded him an opportunity to respond and, if possible, cure such defect. Ferrer provided no response to our communication.

Because Ferrer has no right of appeal as a result of his plea agreement with the State and his waiver of the right of appeal, and because the trial court's certification correctly indicates that Ferrer is without a right of appeal, we dismiss this appeal for want of jurisdiction.


Josh R. Morriss, III
Chief Justice


Date Submitted:     August 2, 2017
Date Decided:       August 3, 2017

Do Not Publish